John R. Fosteb, J.
The plaintiffs owned a building structure which was appropriated along with its supporting lands by the State of New York. On February 8, 1967, the plaintiffs entered into an agreement with the State of New York settling the appropriation and reserving the structure for a certain sum to the plaintiffs subject to the removal of the structure from the appropriated lands on or before July 1, 1967 and leaving the remainder in a certain condition. On February 10, 1967, the defendants’ attorneys drew an agreement for the sale of said building structure from the plaintiffs to the defendants. It was “ agreed that the parties of the second part shall have possession of the said residential structure from and after the time that it is vacated by the present tenants. ” The defendants, being the purchasers, were to remove the structure by July 1, and leave the remainder in the identical condition called for by the agreement of settlement between the State of New York and the plaintiffs sellers.
The agreement between the plaintiffs and defendants calls for a sale price of said building structure of $3,000. The plaintiffs contend they were paid only $2,475 and the balance is due and owing. The defendants admit the allegations of the complaint and counterclaim for $525 due for three months’ rent paid by the tenants from March 1,1967 to May 30,1967, which said sum said defendants claim the plaintiffs converted to their own use. The plaintiffs deny the counterclaim.
The defendants claim the agreement is a contract for the sale of personal property and, therefore, was a sale as of February 10, 1967, and that as a result therefore the defendants are entitled to the rents paid by the lessee in possession to the sellers as aforementioned.
The plaintiffs claim that this is a sale of real property and that they were entitled to the rents from March 1, 1967 to May 30, 1967.
*178 It is noted that there is no proration of rent provided for in the sales agreement nor is there any claim the plaintiffs were not entitled to the rents from February 10, 1967 to February 28, 1967.
The record does show that the tenants in possession had a lease at the rate of $175 a month with the sellers for the period from August 1, 1966 to July 31, 1967 and that the tenants did leave the premises on June 1, 1967. In the case at bar, the severance of the building structure from the remainder was to be accomplished by the purchasers, not immediately, but on or before July 1, 1967 and the purchasers were to have possession of the building structure for this purpose at a time when the structure was vacated by the tenant then obligated to the sellers. The purchasers by the sales agreement assumed no proration of taxes or risk of loss by fire or other contingencies. The purchasers were required to pay $200 upon execution of the agreement, $1,300 on or before March 1, 1967, and the remaining $1,500 “ at such time as the parties of the second part remove the residential structure from the lot upon which it is situated, which time shall be no later than July 1, 1967.”
The purchasers had a contract to purchase which, not having been recorded, would have been no protection against a third person without notice who might have conceivably entered the picture.
It is claimed by the counsel for the defendants that section 2-107 of the Uniform Commercial Code is a recording statute. It would appear that it is, to the extent that it is outlined in subdivision (3) that the contract of sale may be executed and recorded as a document transferring an interest in land, thus constituting notice to third parties of the buyer’s right under the contract for sale. Subdivision (1) is loud and clear as to when the sale is to be considered one of personal property, and that is when the sale of goods is severed by the seller. It is further stated in subdivision (1): “ but until severance a purported present sale thereof which is not effective as a transfer of an interest in land is effective only as a contract to sell.”
The official and New York commentaries sagely evaluate the difference between a contract that calls for severance by the seller or one by the buyer.
The complaint alleged a written contract or agreement. This satisfied the ‘Statute of Frauds. That it was not recorded does not matter, as there was no third party involved.
The structure in question was a part of realty when contracted for. It was not to be removed by the seller and thereby must be considered only as a contract to sell. As the contract *179 was drawn, the material to be removed from realty, therefore, remains real property until severed by the buyer.
The record shows that the defendants admitted knowing of the existence of a lease expiring on July 31, 1967 when they signed the agreement. The contract specified that occupancy or seisin was conditioned upon its being vacated by the tenant. The purchasers had no privity of contract with the tenants "by the agreement.
The purchasers may have had a cause of action for breach of contract against the seller if the seller did not make the structure available to the purchasers so that the purchasers could remove it by July 1, and perform the other necessary conditions required by the contract to be performed. However, the record also shows that the purchasers received the key on or about June 1st from the sellers and that they moved the structure and complied with the terms of the agreement in the early weeks of June, 1967 except for remitting the full payment called for as heretofore described. The contract of settlement between the State of New York and the sellers was apparently satisfied by the compliance of the purchasers by the removal of the building and other work to be performed on the remainder.
The cases cited under former section 156 of the Personal-Property Law are not applicable as said sections did not distinguish between severance by the purchasers or the seller. Cervadoro v. First Fat. Bank & Trust Co. (267 App. Div. 314 [1944]) and cases cited therein, do hold a similar agreement to be a sale rather than a contract to sell, but that case was decided before section 156 of the Personal Property Law was superseded by section 2-107 of the Uniform Commercial Code (see, also, § 2-105), and in the Cervadoro case both parties gave testimony that the building was to be “ promptly ” demolished by the buyer under the (oral) u contract of sale ”. These facts are quite distinguishable from the case at bar.
Section 2-401 of the Uniform Commercial Code, cited by the defendants, is an all-encompassing section to apply when the agreement is not covered by the other sections of the law. The case at bar falls within the purview of section 2-107, being a sale of a structure to be removed from realty and, therefore, the provisions of section 2-401 are not applicable.
The defendants admit the allegations of the complaint and judgment should be entered accordingly.
The counterclaim must accordingly fall for the reasons stated herein.